## IN THE UNITED STATES DISTRICUT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, GENERAL SECURITY INDEMNITY CO. OF ARIZONA; IRONSHORE SPECIALTY INSURANCE COMPANY; LIBERTY INTERNATIONAL UNDERWRITERS; NAVIGATORS SPECIALTY INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. AJP086026L19 (USA)/AJJ200620E19 (CANADA); CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. F19PYDH12412; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B0509ENGAO1900239; GREAT LAKES INSURANCE, SE (MUNICH RE GROUP), SUBSCRIBING TO POLICY NO. B0509ENGAO1900239; and TOKIO MARINE HOUSTON CASUALTY COMPANY SUBSCRIBING TO POLICY NO. B0509ENGAO1900239, *as Subrogees of HFOTCO, LLC*; and HFOTCO, LLC, d/b/a HOUSTON FUEL OIL TERMINAL COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: ADMIRALTY: JUDGE: |
| Plaintiffs, | ) ) ) ) | |
| v. | ) | |
| M/T FOUR SKY, *in rem*; PREMUDA S.P.A; FOUR JOLLY S.P.A.; M/T NISSOS SERIFOS, *in rem;* KYKLADES MARITIME CORPORATION; and MIF I NO. 7 K/S, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## VERIFIED COMPLAINT

**NOW COME** Plaintiffs, ACE American Insurance Company; General Security Indemnity Co. of Arizona; Ironshore Specialty Insurance Company; Liberty International Underwriters; Navigators Specialty Insurance Company; Zurich American Insurance Company; Certain Underwriters at Lloyd's, London Subscribing to Policy No. AJP086026L19 (USA)/AJJ200620E19 (Canada); Certain Underwriters at Lloyd's, London Subscribing to Policy No. F19PYDH12412; Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0509ENGAO1900239; Great Lakes Insurance, SE (Munich Re Group), Subscribing to Policy No. B0509ENGAO1900239; and Tokio Marine Houston Casualty Company Subscribing to Policy No. B0509ENGAO1900239 *as Subrogees of HFOTCO, LLC* (collectively referred to as "Insurers") and HFOTCO, LLC, d/b/a Houston Fuel Oil Terminal Company ( "HFOTCO"), and for their Complaint against M/T FOUR SKY, *in rem*; Premuda S.p.A.; Four Jolly S.p.A.; M/T NISSOS SERIFOS, *in rem;* Kyklades Maritime Corporation; and MIF I No. 7 K/S ("Defendants"), state and allege as follows:

## PARTIES

1.      At all times pertinent to this cause of action, Plaintiff, ACE American Insurance Company was and is now a an Pennsylvania organization with its principal place of business located in Pennsylvania.  At all times described herein, Plaintiff, ACE American Insurance Company provided a policy of insurance to HFOTCO.

2.      At all times pertinent to this cause of action, Plaintiff, General Security Indemnity Company of Arizona (i.e. "SCOR"), was and is now a foreign organization with its principal place of business located in New York, New York.  At all times described herein Plaintiff, SCOR provided a policy of insurance to HFOTCO.

2

3.      At all times pertinent to this cause of action, Plaintiff, Ironshore Specialty Insurance Company was and is now a Massachusetts organization with its principal place of business located in Massachusetts.  At all times described herein Plaintiff, Ironshore Specialty Insurance Company provided a policy of insurance to HFOTCO.

4.      At all times pertinent to this cause of action, Plaintiff, Liberty Surplus Insurance Corporation was and is now a New Hampshire Corporation with its principal place of business located in Boston, Massachusetts.  At all times described herein Plaintiff, Liberty Surplus Insurance Corporation provided a policy of insurance to HFOTCO.

5.      At all times pertinent to this cause of action, Plaintiff, Navigators Specialty Insurance Company was and is now a  New York organization with its principal place of business located in Connecticut. At all times described herein Plaintiff, Plaintiff, Navigators Specialty Insurance Company provided a policy of insurance to HFOTCO.

6.      At all times pertinent to this cause of action, Plaintiff, Zurich American Insurance Company, was an Illinois organization with its principal place of business located in Illinois.  At all times described herein, Zurich American Insurance Company provided a policy of insurance to HFOTCO.

7.      Plaintiff, Certain Underwriters at Lloyd's of London Subscribing to Policy No. AJP086026L19 (USA)/AJJ200620E19 (Canada) were are and are now foreign organizations and underwriters of insurance policies with their principal place of business located in London, United Kingdom. At all times described herein , Certain Underwriters at Lloyd's of London Subscribing to Policy No. AJP086026L19 (USA)/AJJ200620E19 (Canada) provided a policy of insurance to HFOTCO.

8.      Plaintiff, Certain Underwriters at Lloyd's of London Subscribing to Policy No. F19PYDH12412 were are and are now foreign organizations and underwriters of insurance policies with their principal place of business located in London, United Kingdom. At all times described herein, Plaintiff, Certain Underwriters at Lloyd's of London Subscribing to Policy No. F19PYDH12412provided a policy of insurance to HFOTCO.

9.      Plaintiff, Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0509ENGAO1900239 were are and are now foreign organizations and underwriters of insurance policies with their principal place of business located in London, United Kingdom. At all times described herein, Plaintiff, Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0509ENGAO1900239 provided a policy of insurance to HFOTCO.

10.      Plaintiff, Great Lakes Insurance, SE (Munich Re Group) Subscribing to Policy No. B0509ENGAO1900239 was are and now is a foreign organization with its principal place of business located in Germany. At all times described herein, Plaintiff, Great Lakes Insurance, SE Subscribing to Policy No. B0509ENGAO1900239 provided a policy of insurance to HFOTCO.

11.      Plaintiff, Tokio Marine Houston Casualty Company Subscribing to Policy No. B0509ENGAO1900239  was and now is a foreign organization with its principal place of business located in London, United Kingdom. At all times described herein, Plaintiff, Tokio Marine Houston Casualty Company Subscribing to Policy No. B0509ENGAO1900239 provided a policy of insurance to HFOTCO.

12.      Plaintiff, HFOTCO, LLC d/b/a Houston Fuel Oil Terminal Company ("HFOTCO") is a limited liability company organized under the laws of Texas with its principle place of business located at 15855 Jacintoport Blvd., Houston, Texas 77015.

13.     Defendant vessel, the M/T FOUR SKY is an oil tanker registered in Italy under IMO No. 9544281 and operating in the United States. At all times relevant to this matter, the M/T FOUR SKY was anchored within and performed operations within the navigable waters of the United States and this District.

14.     Defendant *in personam*, Premuda S.p.A. is a foreign corporation with its principal place of business located in Italy. At all relevant times, Premuda S.p.A was the owner of the M/T FOUR SKY.

15.     Defendant *in personam*, Four Jolly S.p.A, is a foreign corporation with its principal place of business located in Italy. At all relevant times, Four Jolly S.p.A was the owner of the M/T FOUR SKY.

16.     Defendant vessel, the M/T NISSOS SERIFFOS is a crude oil tanker registered in Marshall Islands under IMO No. 9592264 and operating in the United States. At all times relevant to this matter, Four Sky was anchored within and performed operations within the navigable waters of the United States and this District.

17.     Defendant *in personam*, Kyklades Maritime Corporation, is a foreign corporation with its principal place of business located in Greece. At all relevant times, Kyklades Maritime Corporation was the owner of the M/T NISSOS SERIFFOS.

18.     Defendant *in personam*, MIF I No. 7 K/S., is a foreign corporation with its principal place of business located in Denmark. At all relevant times, MIF I No. 1 K/S. was the owner of the M/T NISSOS SERIFFOS.

## JURISDICTION

19.     This is an admiralty law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. § 1333.

20.     Venue is proper in this district as the events, actions and/or omissions giving rise to this claim occurred within the district as required by 28 U.S.C. § 1391(b)(2).

21.     At all relevant times, the Defendants' vessels were located in the waters within the Southern District of Texas.

## FACTUAL ALLEGATIONS

22.     HFOTCO owns and operates a marine terminal in Houston, Texas, which is comprised of five (5) docks on the Houston Ship Channel and provides crude oil terminal services for local refineries and providing residual fuel oil.

23.     HFOTCO's Ship Dock No. 1 is fitted with three (3) articulated loading arms for transferring cargo between the terminal and vessels. The dock can handle crude oil and fuel oil transfers between vessels and the terminal via three (3) 12-inch diameter articulated loading arms. The dock is made up of concrete and steel construction with wood and rubber fendering. The dock is also equipped with gangway services to allow personnel access to vessels alongside, cathodic corrosion protection, and firefighting capabilities.

24.     On June 23, 2019, vessel, the M/T FOUR SKY was moored at HFOTCO's Ship Dock No. 1 for cargo operations. At approximately 7:30 a.m. local time, HFOTCO notified the M/T FOUR SKY to tighten and adjust its mooring lines. At approximately 8:00 a.m. local time, the M/T NISSOS SERIFOS passed HFOTCO's Ship Dock No. 1 and the M/T FOUR SKY at an unsafe rate of speed and unsafe distance. As the M/T NISSOS SERIFORS passed, the M/T FOUR SKY began to move forwards. Because the M/T FOUR SKY failed to adequately secure its mooring lines and because M/T NISSOS SERIFOS passed an unsafe speed and distance, the M/T FOUR SKY was surged into HFOTCO's Ship Dock No. 1, damaging three of HFOTCO's marine loading arms, the supporting structure of the dock, and causing other physical property damage.

6

25.     As a result, HFOTCO incurred damages totaling $1,676,143.91. HFOTCO did nothing to cause or contribute to its damages.

26.     HFOTCO filed an insurance claim with Insurers and, pursuant to its policy of insurance with HFOTCO, Insurers made payments to HFOTCO.

27.     Insurers are therefore legally, contractually, and equitably subrogated to the rights of its insured to the extent of payments made.

28.     Plaintiffs seek damages of $1,676,143.91.

## I.     COUNT I

### Negligence against Defendant, M/T FOUR SKY

29.     Plaintiffs reallege paragraphs 1 through 28 as though fully stated herein.

30.     The M/T FOUR SKY, *in rem*, is liable to Plaintiffs for the damages to its property, which were caused by the fault, neglect, and/or lack of due care on the part of the M/T FOUR SKY's crew and/or ownership group of the M/T FOUR SKY, all of which was within the privity and knowledge of the M/T FOUR SKY, as well as its owners, including but not limited to:

(i)      Operating the M/T FOUR SKY in a negligent and/or unseaworthy manner;

(ii)     Failure of the M/T FOUR SKY to provide a properly trained and competent crew to operate the M/T FOUR SKY;

(iii)    Failure to properly secure the M/T FOUR SKY to HFOTCO Ship Dock No. 1 during cargo operations;

(iv)    Failure of the captain and crew to exercise reasonable care in the operation and maintenance of the M/T FOUR SKY;

(v)     Failure of the captain and crew of the M/T FOUR SKY to avoid causing damages to HFOTCO;

(vi)     Other acts of negligence to be established at trial of this matter.

31.     The M/T FOUR SKY is presumed to be at fault in this allision as provided for under the application of the *Oregon* Rule and/or the *Louisiana* Rule.

32.     As a result of the M/T FOUR SKY's negligence, Plaintiffs suffered damages in the amount of $1,676,143.91 as set forth in above.

33.     Plaintiffs possess a maritime lien on the M/T FOUR SKY, *in rem,* and a right to arrest said vessel to perfect its maritime lien under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure should the need arise. Therefore Plaintiffs specifically plead to preserve that right.

WHEREFORE, based on the foregoing, Plaintiffs are entitled to a judgment holding the M/T FOUR SKY *in rem* liable for all damages sustained by Plaintiffs as described herein, plus all cost, expenses, and pre- and post-judgment interest and any other amounts this Honorable Court deems just.

## II.     COUNT II

### Negligence against Defendants, PREMUDA S.p.A. & FOUR JOLLY S.P.A.

34.     Plaintiffs reallege paragraphs 1 through 33 as though fully stated herein.

35.     Defendants, Premuda S.p.A. and Four Jolly S.p.A. (collectively, the "Four Sky Interests"), as the owners and/or operators of the M/T FOUR SKY, failed to exercise reasonable care in inspecting and maintaining their vessel.  Furthermore, the Four Sky Interests knew or should have known that their failure to properly maintain their vessel would result in its unseaworthiness.

36.     The Four Sky Interests owed a duty to HFOTCO to ensure that the M/T FOUR SKY was properly inspected and maintained to further ensure that the M/T FOUR SKY was

seaworthy.   By failing to properly inspect and maintain the M/T FOUR SKY, the Four Sky Interests breached their duties to HFOTCO.

37.     The Four Sky Interests' breach proximately caused the damage to the HFOTCO and therefore, Four Sky Interests'  acts and/or omissions constitute negligence under the maritime laws of the United States.

38.     As a result of the Four Sky Interests' negligence, Plaintiffs suffered damages in the amount of $1,676,143.91 as set forth above.

WHEREFORE, based on the foregoing, Plaintiffs are entitled to a judgment holding the Four Sky Interests liable for all damages sustained by Plaintiffs as described herein, plus all expenses, attorneys' fees and pre- and post-judgment interest and any other amounts this Honorable Court deems just.

### III.     COUNT III

### Negligence against Defendant, M/T NISSOS SERIFOS

39.     Plaintiffs reallege paragraphs 1 through 38 as though fully stated herein.

40.     The M/T NISSOS SERIFOS is liable to Plaintiffs for the damages sustained to the HFOTCO which by the fault, neglect and/or lack of due care on the part of the M/T NISSOS SERIFOS's crew and/or ownership group of the M/T NISSOS SERIFOS, all of which was within the privity and knowledge of the M/T NISSOS SERIFOS, as well as its owners, including but not limited to:

(i)     Passing the dock and moored M/T FOUR SKY at an excessive and unreasonable rate of speed under the circumstances;

(ii)     Operating the M/T NISSOS SERIFOS in a negligent and/or unseaworthy manner;

(iii)     Failure of the M/T NISSOS SERIFOS to provide a properly trained and competent crew to operate the M/T NISSOS SERIFOS;

(i)     Failure of the captain and crew to exercise reasonable care in the operation and maintenance of the M/T NISSOS SERIFOS;

(ii)     Failure of the captain and crew of the M/T NISSOS SERIFOS to take the necessary evasive maneuvers to avoid causing the M/T FOUR SKY to surge into HFOTCO's Ship Dock No. 1; and

(iv)     Other acts of negligence to be established at trial of this matter.

41.     As a result of the M/T NISSOS SERIFOS's negligence, Plaintiffs suffered damages in the amount of $1,676,143.91 as set forth above.

42.     Plaintiffs possess a maritime lien on the M/T NISSOS SERIFOS, *in rem,* and a right to arrest said vessel to perfect its maritime lien under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure should the need arise.  Therefore Plaintiffs specifically plead to preserve that right.

WHEREFORE, based on the foregoing, Plaintiffs are entitled to a judgment holding the M/T NISSOS SERIFOS liable for all damages sustained by Plaintiffs as described herein, plus all expenses, attorneys' fees and pre and post judgment interest and any other amounts this Honorable Court deems just.

## IV.     COUNT IV

### Negligence Against Defendants, KYKLADES MARITIME CORPORATION & MIF I NO. 7 K/S

43.     Plaintiffs reallege paragraphs 1 through 42 as though fully stated herein.

44.     Kyklades Maritime Corporation, and MIF I No. 4 K/S, (collectively, the "Nissos Serifos Interests") as the owners and/or operators of the M/T NISSOS SERIFOS, failed to exercise

reasonable care in inspecting and maintaining their vessel.  Furthermore, the Nissos Serifos Interests knew or should have known that their failure to properly maintain their vessel would result in its unseaworthiness.

45.    The Nissos Serifos Interests owed a duty to HFOTCO to ensure that the M/T NISSOS SERIFOS was properly inspected and maintained to further ensure that the M/T NISSOS SERIFOS was seaworthy and able to properly maneuver in response to commands input into its controls.  By failing to properly inspect and maintain the M/T NISSOS SERIFOS, the Nissos Serifos Interests breached their duties to HFOTCO.

46.    Nissos Serifos Interests' breach proximately caused the damage to the Facility and therefore, the Nissos Serifos Interests' acts and/or omissions constitute negligence under the maritime laws of the United States.

47.    As a result of the Nissos Serifos Interests' negligence, Plaintiffs suffered damages in the amount of $1,676,143.91 as set forth above.

WHEREFORE, based on the foregoing, Plaintiffs are entitled to a judgment holding the Nissos Serifos Interests liable for all damages sustained by Plaintiffs as described herein, plus all expenses, attorneys' fees and pre- and post-judgment interest and any other amounts this Honorable Court deems just.

## DAMAGES

48.    Plaintiffs reallege paragraphs 1 through 47 as though fully stated herein.

49.    As a direct and proximate result of Defendants' negligence Plaintiffs incurred damages in an amount no less than One Million Six Hundred Seventy Six Thousand One Hundred Forty Three & 91/100 US Dollars ($1,676,143.91). In addition to these damages, Plaintiffs also seek recovery from the Defendants of all pre- and post-judgment interest and costs of court.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs are entitled to a judgment holding the

Defendants M/T FOUR SKY, *in rem*; Premuda S.p.A.; Four Jolly S.p.A.; M/T NISSOS SERIFOS,

*in rem;* Kyklades Maritime Corporation; and Mif I No. 7 K/S liable for all damages sustained by

Plaintiffs as described herein, plus all expenses, attorneys' fees and pre- and post-judgment interest

and any other amounts this Honorable Court deems just.

Dated: June 3, 2021

Respectfully submitted,

*/s/ Paul B. Hines*
Paul B. Hines (TX Bar No. 24104750)
*Alyssa J. Endelman
*Brandon T. Brown
**DENENBERG TUFFLEY, PLLC**
*\* Pro Hac Vice Applications to be submitted*
28411 Northwestern Hwy., Suite 600
Southfield, MI 48034
Phone:  248-549-3900
Fax: 248-593-5808
phines@dt-law.com
aendelman@dt-law.com
bbrown@dt-law.com
*Attorneys for Plaintiffs*

**OF COUNSEL:**

**Phelps Dunbar LLP**
Ivan M. Rodriguez
Texas Bar No.: 24058977
Federal ID No. 4566982
Andrew R. Nash
Texas Bar No.: 24083550
Federal ID No. 1690806
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
Email: ivan.rodriguez@phelps.com;
andy.nash@phelps.com

## IN THE UNITED STATES DISTRICUT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, GENERAL SECURITY INDEMNITY CO. OF ARIZONA; IRONSHORE SPECIALTY INSURANCE COMPANY; LIBERTY INTERNATIONAL UNDERWRITERS; NAVIGATORS SPECIALTY INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. AJP086026L19 (USA)/AJJ200620E19 (CANADA); CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. F19PYDH12412; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B0509ENGAO1900239; GREAT LAKES INSURANCE, SE (MUNICH RE GROUP), SUBSCRIBING TO POLICY NO. B0509ENGAO1900239; & TOKIO MARINE HOUSTON CASUALTY COMPANY SUBSCIRBING TO POLICY NO. B0509ENGAO1900239, *as Subrogees of HFOTCO, LLC;* & HFOTCO, LLC & D/B/A HOUSTON FUEL OIL TERMINAL COMPANY<br>        Plaintiffs,<br><br>v.<br><br>M/T FOUR SKY, *in rem*; PREMUDA S.P.A; FOUR JOLLY S.P.A.; M/T NISSOS SERIFOS; *in rem;* & KYKLADES MARITIME CORPORATION; & MIF I NO. 7 K/S | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br><br>ADMIRALTY:<br><br>JUDGE: |

## <u>VERIFICATION</u>

I, Evan Morshedi, declare as follows:

1.      I am Manager Terminal Services of HFOTCO, LLC d/b/a Houston Fuel Oil Terminal Co. ("HFOTCO"), real party in interest and a Plaintiff in this action. At the time of the incident made the basis of this lawsuit, I was the EHS (Environmental, Health and Safety) Specialist for HFOTCO. I am duly authorized to make this declaration on HFOTCO's behalf.

2.      I have read the contents of the Verified Complaint above and hereby verify that the facts contained therein are true and correct, and within my personal knowledge and/or based upon my review of records and materials maintained by HFOTCO in the ordinary course of business.

3.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and accurate.

Executed at Houston, Texas, on May _20th_, 2021

Evan Morshedi